IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME SCOTT,
    Petitioner,

vs.                                                    Case No.: 4:15cv475/WS/EMT

JULIE JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 11). Petitioner filed a response in opposition to the motion (ECF No. 13).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that

Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 11).[1]  Petitioner was charged in the Circuit Court in and for Jefferson County, Florida, Case No. 2011-CF-201, with two counts of armed robbery with a firearm (Counts I and II), one count of grand theft (Count III), and one count of possession of a controlled substance with intent to sell (Count IV) (Ex. B).  Petitioner entered a written Plea and Acknowledgment of Rights, pursuant to which he agreed to enter a no contest plea to the charges, in exchange for the State's agreeing to the following disposition of the charges:  (1) the court would adjudicate Petitioner guilty; (2) the court would impose concurrent sentences of twelve years in prison, with a minimum mandatory of ten years, followed by three years of probation on Counts I and II; (3) the court would impose sentences of five years in prison on Counts III and IV, to run concurrently with each other and with the sentence on Count I; and (4) the court would grant pre-sentence jail credit of 248 days on all of Petitioner's sentences

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 11) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 4:15cv475/WS/EMT

(Ex. C). In a Judgment and Sentence rendered July 25, 2012, the trial court accepted Petitioner's plea and imposed sentence in accordance with the plea agreement (Ex. D). Petitioner did not appeal the judgment.

On or about September 10, 2012, Petitioner filed a Motion for Reduction and Modification of Sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. E). The state circuit court dismissed the motion in an order rendered December 7, 2012 (Ex. F).

On August 20, 2013, Petitioner filed Rule 3.800(c) motion (Ex. G). The state circuit court denied the motion as untimely in an order rendered September 3, 2013 (Ex. H).

On November 12, 2013, Petitioner filed a "Motion for Resentencing" (Ex. I). The state circuit court construed the motion as brought under Rule 3.800(c), and denied it as untimely in an ordered rendered December 4, 2013 (Ex. J).

On May 5, 2014, Petitioner filed a fourth Rule 3.800(c) motion (Ex. K). The State filed a response on June 4, 2014 (Ex. L). On July 3, 2014, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. N). The State filed a response on September 17, 2014 (Ex. P). In an order rendered September 30, 2014, the state circuit court denied the Rule

3.850 motion, and noted that Rule 3.800(c) motion was deemed denied by virtue of the passage of forty days from the submission of the State's response without entry of an order of the court (Ex. Q). Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D14-5146 (Ex. R). The First DCA affirmed the lower court's decision per curiam without written opinion on February 24, 2015, with the mandate issuing April 28, 2015 (Ex. S). Scott v. State, 162 So. 3d 993 (Fla. 1st DCA 2015) (Table). Petitioner sought review in the Supreme Court of Florida, Case No. SC15-821 (Ex. U). On May 4, 2015, the Supreme Court of Florida dismissed the case for lack of jurisdiction (*id.*). Scott v. State, 171 So. 3d 120 (Fla. 2015) (Table). Petitioner commenced the instant federal habeas action on September 26, 2015 (*see* ECF No. 1). He asserts the following two claims:

> Ground One: "Conviction obtained in violation of the constitutional protection against double jeopardy."
>
> Ground Two: "The defendant was not charged by the State's charging information."

(ECF No. 1 at 4–10).

Respondent contends the petition should be dismissed as untimely (ECF No. 11). In Petitioner's response, he states, "I hope the Honorable Court can understand

that I had no knowlege [sic] of the time.  I'm just listen [sic] to the steps the law clerk gives me.  I hope this Honorable Court can understand." (ECF No. 13).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent argues that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 11 at 3–4). Petitioner does not argue that a different statutory trigger applies, and thus does not appear to dispute that the finality date of the judgment is the appropriate trigger for the federal limitations period.

The state court record affirms that Petitioner's conviction became final on August 24, 2012, upon expiration of the thirty-day period for filing a notice of appeal of the judgment of conviction rendered July 25, 2012. The federal statute of limitations began to run on August 25, 2012, the day after the 30-day period for Petitioner to file a direct appeal expired.[2] Petitioner had one year from that date, or until August 25, 2013, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir.

---

[2] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

2007)). Petitioner did not file his federal petition on or before August 25, 2013; therefore, it is untimely unless he demonstrates that tolling principles render it timely.

The federal habeas statute contains the following tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a Rule 3.800(c) motion on September 10, 2012, after **16 days** of the federal limitations period expired. Although Respondent contends that the Rule 3.800(c) motion did not qualify as a tolling motion under § 2244(d)(2), resolving that issue is not necessary to determine the timeliness of Petitioner's § 2254 petition. Assuming arguendo that Petitioner's Rule 3.800(c) motion filed on September 10, 2012, qualified as a tolling motion, the motion was pending until December 7, 2012, upon rendition of the circuit court's order denying it.[3] The federal limitations period recommenced the next day, on December 8, 2012, and expired **349 days later** (**16 days + 349 days = 365 days**), on November 22,

---

[3] A trial court's order denying a Rule 3.800(c) motion on the merits is not appealable. *See* Reyes v. State, 79 So. 3d 151, 152 (Fla. 3d DCA 2012); Winslow v. State, 37 So. 3d 974 (Fla. 1st DCA 2010) (same); Walters v. State, 994 So. 2d 1230 (Fla. 2d DCA 2008) (same); Adams v. State, 800 So. 2d 741 (Fla. 5th DCA 2001) (same).

Case No.: 4:15cv475/WS/EMT

2013.[4] Petitioner's state post-conviction applications filed after that date did not toll the federal limitations period, because the limitations period had already expired. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner did not file his federal habeas petition until September 26, 2015, nearly two years <u>after</u> the limitations period expired.

To the extent Petitioner suggests he is entitled to equitable tolling of the limitations period due to his lack of legal education and related ignorance of the federal deadline, the Eleventh Circuit has not accepted such circumstances as sufficient to excuse the failure to file in a timely fashion. *See* Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating in the context of a § 2255 proceeding that lack of an education was no excuse for delayed efforts to vacate a state conviction). As with any litigant, pro se litigants "are deemed to know of the one-year

---

[4] Even though Petitioner filed his second and third Rule 3.800(c) motions prior to November 22, 2013, neither of them tolled the federal limitations period, because the state court dismissed each of them as untimely. *See* Allen v. Siebert, 552 U.S. 3, 7, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (state time limits, no matter their form, are filing conditions, and thus, state post-conviction relief petition is not "properly filed" within meaning of tolling provision of AEDPA's imitations period for federal habeas petitions, if it was rejected by state court as untimely); Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); Artuz v. Bennett, 531 U.S. 4, 8–9, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) ("An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . If . . . an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*) (emphases in original) (footnote omitted).

Case No.: 4:15cv475/WS/EMT

statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

III. CONCLUSION

Petitioner's § 2254 petition was not filed within the AEDPA's one-year statutory limitations period, and Petitioner is not entitled to equitable tolling of the limitations period. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing)

(citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 11) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of October 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**